## VASCOCU et al. *v.* SMITH.

Where a surviving husband, to whom, after the death of the wife, the community property had been adjudicated, executes a mortgage in favor of the minor children of the marriage, on the real property thus adjudicated, but afterwards sells it, and dies without having settled his wife's succession, or satisfied the claim of the minors, who accept his succession with benefit of inventory, the minors cannot require payment of any portion of their claims from the last purchaser until the successions of the husband and wife are finally settled. The husband is the warrantor of the purchaser; and it is only in case of his succession being insufficient to pay the claim of the minors, that the purchaser can be made liable for the deficiency.

After pleading the general denial, a defendant may avail himself of an exception taken by a party cited by him in warranty.

APPEAL from the District Court of Natchitoches, *Olcott*, J. *Hertzog* and *Tuomey*, for the appellants. *Campbell*, for the defendant. *Sherburne J. B. Smith*, for the warrantors. The judgment of the court was pronounced by

---

Rost, J. The plaintiffs are the legitimate children of *Marie Aspusie Vascocu*, who died in 1624. After her death the property held in common between her and her husband, *Jean Baptiste Vascocu*, was adjudicated to the latter, at the price of appraisement, and he gave a mortgage in favor of the minors on the real property thus adjudicated. He subsequently sold that property, and the title of the defendant is derived from that sale. *Jean Baptiste Vascocu*, died without having settled his wife's succession, or satisfying the the claim of the plaintiffs. It is admitted that his succession is still unsettled, and has been accepted by the plaintiffs under benefit of inventory. They now call upon the defendant to pay them one-half of the amount of the adjudication of the community property, with legal interest from its date; and, in default thereof, they pray that the land held by him be seized and sold under their mortgage, to satisfy their claim. The defendant filed a general denial, called his vendors in warranty, and asked against them any judgment which might be rendered in favor of the plaintiffs against him. The warrantors appeared, and excepted to the plaintiffs' action, on the ground that, it could not be maintained until the successions of their mother and of their father were finally settled. The court below having sustained the exception, dismissed the petition, and the plaintiffs appealed.

There is no error in the judgment. Adjudications of common property to the surviving parent are generally made without taking into consideration the charges of the succession of the deceased, and their gross amount does not of itself make proof of the shares of the heirs; but if it did, the father in this case is the warrantor of the defendant, as far as the assets left by him will go. His succession appears fully sufficient to pay the plaintiffs' claim; and if it is not, the only right of action they can have against the defendant is for the deficiency which may be found to exist on the final settlement of the succession; that deficiency to be calculated on the capital only, as it is evident that the income of the minors was not sufficient for their support and maintainance. It is argued that the defendant, after filing a general denial, could not avail himself of the exception taken by the warrantors. We think otherwise. The object of calling in warrantors is to let them take the defence of the suit. After their appearance the defence rests with them; and their pleas will avail the defendant, unless he objects to them, and insists on defending the suit at his peril and risk.

*Judgment affirmed.*